NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR O. CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SUN LIFE ASSURANCE COMPANY<br>OF CANADA,<br><br>    Defendant. | Civil No. 07-2391 (AET)<br><br>**MEMORANDUM & ORDER** |

THOMPSON, U.S.D.J.

    This matter comes before the Court on Plaintiff Victor O. Cruz's Motion to Dismiss Defendant Sun Life Assurance Company of Canada's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). The Court has decided this Motion after reviewing the parties' submissions and without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, Plaintiff's Motion to Dismiss is denied.

BACKGROUND

    On May 22, 2007, Plaintiff filed a Complaint pursuant to the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), for alleged wrongful termination of his disability insurance benefits under a group insurance plan underwritten by Defendant. Defendant then filed an Answer asserting that Plaintiff was not entitled to the benefits. Defendant also filed a Counterclaim for an equitable declaration and relief, pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), enforcing the terms of the plan and

confirming its entitlement to recover the benefits it erroneously paid to him.  Plaintiff then filed this Motion to Dismiss the Counterclaim, arguing that Defendant cannot recover the benefits under section 502(a)(3) because it would not constitute equitable restitution, but money damages, which may not be recovered under section 502(a)(3).  Defendant argues that it does seek equitable restitution, in the form of an equitable lien or constructive trust, and that it has sufficiently stated a claim for relief.

DISCUSSION

Under Fed. R. Civ. P. 12(b)(6), the Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the [claimant], [claimant] is not entitled to relief." Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).  "The issue is not whether a [claimant] will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Id.  In setting forth a valid claim, a [claimant] is required only to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Under section 502(a)(3)(B) of ERISA, an ERISA fiduciary may bring a civil action "to obtain . . . equitable relief . . . to enforce . . . the terms of [an applicable ERISA] plan . . . ." 29 U.S.C. § 1132(a)(3)(B).  Claims under this section are equitable in nature when they seek restitution of "specifically identifiable" funds, belonging to the plan, that are "within the possession and control" of the party against whom relief is sought. Sereboff v. Mid Atl. Med.

Servs., Inc., 126 S. Ct. 1869, 1874 (2006); see also Sec. Mut. Life Ins. Co. of N.Y. v. Joseph, No. 06-4804, 2007 U.S. Dist. LEXIS 47664, at *6 (E.D. Pa. July 2, 2007).  Both the basis for the claim and the relief sought must be equitable in nature.  Sereboff, 126 S. Ct. at 1874.  If a fiduciary seeks to impose personal liability on a beneficiary from the beneficiary's general assets, such relief is a legal, not equitable, remedy.  Id.; see also DiGiacomo v. The Prudential Ins. Co. of Am., No. 06-4558, 2007 U.S. Dist. LEXIS 58294, at *18 (D.N.J. Aug. 10, 2007.)  Recovery under section 502(a)(3) is available solely through a constructive trust or equitable lien on specifically identified funds within the beneficiary's possession and control.  Joseph, 2007 U.S. Dist. LEXIS 47664, at *6 (citing Sereboff, 126 S. Ct. at 1874).

    There is no dispute that Defendant is an ERISA fiduciary.  (Countercl. ¶ 8.)  Defendant alleges that it seeks to enforce the terms of Plaintiff's group insurance plan, specifically, those portions of the plan governing whether a beneficiary is entitled to long-term disability benefits.  (Id. ¶¶ 9-16.)  Defendant also claims that it seeks an equitable lien on the specific $229,528.63 in benefits erroneously paid to Plaintiff and belonging to Defendant, and/or a constructive trust on any funds in Plaintiff's possession that constitute the overpaid benefits.  (Id. ¶¶ 19-20; Def.'s Opp'n 8.)  Pursuant to Fed. R. Civ. P. 8(a), a claim need only provide a short and plain statement showing a right to relief, "not a detailed recitation of the proof that will in the end establish such a right."  Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 564 (3d Cir. 2002); see also Weston v. Pennsylvania, 251 F.3d 420, 429 (3d Cir. 2001) (stating that claims "need not plead law or match facts to every element of a legal theory").  Thus, the Court finds that Defendant has sufficiently alleged all but the location element of a claim under section 502(a)(3).

    As to whether the funds are within Plaintiff's possession and control, Defendant claims

that it should be allowed to conduct discovery to determine the location of the overpaid benefits. (Pl.'s Opp'n 9-10.) Although the authority on this question is scarce, at least one other court in the Third Circuit allowed a plaintiff plan administrator discovery related to its alleged overpayment of benefits to the defendant beneficiary. Joseph, 2007 U.S. Dist. LEXIS 47664, at *7. The Joseph court reasoned that "[d]iscovery is necessary on this issue because it is critical to plaintiff's ability to obtain relief to trace plaintiff's alleged overpayments." Id. This Court agrees, and does not find Joseph immediately distinguishable simply because the beneficiary in Joseph allegedly owed the benefits to the plan pursuant to an overpayment provision, as he had also received social security disability benefits. See id. at *3. Thus, the Court rejects Plaintiff's argument that Joseph is inapposite, (Def.'s Reply 7), and will not conclude at this stage that this small factual difference precludes Defendant's counterclaim.

Here, as in Joseph, "[i]f the outcome of the discovery process reveals that [Defendant's] payments to [Plaintiff] have been dissipated or cannot be otherwise specifically identified, [Defendant] may be precluded from moving forward in this action for want of a remedy." Joseph, 2007 U.S. Dist. LEXIS 47664, at *7. Now, however, the Court denies Plaintiff's Motion to Dismiss the Counterclaim. Thus, Plaintiff's request for fees and costs is also denied.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 4th day of September, 2007,

ORDERED that Plaintiff Victor O. Cruz's Motion to Dismiss Counterclaim [12] is DENIED.

s/ Anne E. Thompson<br>ANNE E. THOMPSON, U.S.D.J.